OPINION
Appellant Andre Collier appeals the decision of the Richland County Court of Common Pleas, Juvenile Division, which found him delinquent by reason of assault. The relevant facts leading to this appeal are as follows.
The environs of Prospect Elementary School in Mansfield, Ohio, are frequently utilized in the summer months for playing sports and socializing by young persons in the neighborhood. On August 16, 2000, appellant, his acquaintance Anton Houston, and appellant's brother Christopher Cansler were in the vicinity of the school, riding their bicycles and playing basketball. That afternoon, an altercation developed between appellant and Charles Alexander. The two young men, several months earlier, had been in an argument over allegations that appellant had thrown rocks at Alexander's grandmother's property. This unresolved dispute appears to have ignited the incidents of August 16, 2000. The altercation became physical, resulting in appellant striking Alexander and forcing his head against a wall of the school building.
The matter proceeded to trial on January 8, 2001. Appellant took the stand at trial, and claimed that Alexander was the aggressor. Appellant maintained that his actions were in defense of himself and his younger brother, Lamarr. Following the presentation of evidence, appellant was found delinquent by the magistrate and placed on probation. The trial court approved the magistrate's decision on January 10, 2001.
On January 18, 2001, appellant filed his notice of appeal, and herein raises the following sole Assignment of Error:
 I. THE TRIAL COURT'S FINDING THAT THE APPELLANT/MINOR CHILD IS GUILTY OF ASSAULT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I.
In his sole Assignment of Error, appellant argues that the delinquency finding is against the manifest weight of the evidence. We disagree. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
The transcript herein reveals the testimony of three witnesses for the state: Alexander, his former neighbor Andrew Adams, and Mansfield Police Officer Douglas Seaman. The defense put on three witnesses as well: appellant, acquaintance Anton Houston, and appellant's brother Christopher Cansler.
Alexander testified that he and his friend Tye Wood stopped by the school "to see who all was up there," and were getting ready to leave when appellant approached him and asked if he still had "a problem." Tr. at 6-8. Alexander said he did not; however, appellant proceeded to ask him the question again. Alexander again denied that he had a problem with appellant. Alexander then recollected that appellant indicated the "problem" still existed, at which time appellant struck Alexander in the right jaw. Alexander stated that he tried to get away, but that appellant continued to strike him as he fell to the ground, and eventually appellant started smashing his head against a wall. Tr. at 8. Alexander admitted that he hit appellant once or twice and tried unsuccessfully to put him in a headlock in the midst of the scuffle. Tr. at 17-18. Adams, who knew Alexander, but who was merely coincidentally at the scene on the day in question, recalled that Alexander tried to back out of the confrontation by repeatedly telling appellant he didn't want to fight. Tr. at 22-23. Adams observed that appellant took the first swing, and that appellant "pushed" Alexander's head into the brick wall. Tr. at 23-24.
The witnesses for the defense related a different version of the altercation. Houston, an acquaintance of appellant, recalled that Alexander first asked appellant if he wanted to fight. Shortly thereafter, according to Houston, Alexander began pushing appellant and directed a racial epithet against him. Houston recollected that appellant responded by throwing the initial punch. Tr. at 44. Cansler, appellant's brother, also testified as to Alexander's pushing and epithets, and added that Alexander was also "messing" with Lamarr, the younger brother of Cansler and appellant, pushing him and calling him a "bitch." Tr. at 48. Finally, appellant himself testified that Alexander verbally confronted him about the earlier rock-throwing incident at Alexander's grandmother's property, and proceeded to push Lamarr. Tr. at 56-57. Appellant stated that he (appellant) initially started to go back to his bicycle, but that Alexander pushed him a total of three times, resulting in appellant finally taking a swing. Tr. at 59.
The affirmative defense of self-defense places the burden of proof on a defendant by a preponderance of the evidence. State v. Caldwell (1992),79 Ohio App.3d 667. Moreover, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. Additionally, we note that appellant did not file an objection to the decision of the magistrate in this case.[1] Juv.R. 40(E)(3)(b) reads in pertinent part: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Nonetheless, based on our foregoing review of the record, we are unpersuaded that the finder of fact lost his way in assessing the evidence presented, including the testimony pertaining to the defense of self-defense. Martin, supra. The trial court's decision was not against the manifest weight of the evidence, as urged by appellant. Appellant's sole Assignment of Error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is affirmed.
Wise, J., Farmer, P. J., and Boggins, J., concur.
[1] Appellant's counsel for this appeal did not represent appellant in the trial court.